**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GARY MADEN,

      Defendant-Appellant.

No. 97-2255
(D.C. No. CR-95-201-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Gary Maden appeals the order of the district court dismissing his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. We deny Maden a certificate of appealability and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pursuant to a plea agreement, Maden pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base. He was sentenced to 120 months' imprisonment with five years' supervised release. No direct appeal was filed. In his § 2255 before the district court, Maden contended (1) the government did not prove at sentencing that the substance possessed was "crack," (2) he should have received a sentence reduction for acceptance of responsibility, and (3) his plea was not voluntary because he was under the impression he was pleading guilty to possession of cocaine powder, not "crack" cocaine. The government argued Maden's claims were procedurally defaulted because the claims should have been raised on direct appeal. Maden asserted his procedural default was caused by ineffective assistance of counsel and that his defense was prejudiced by counsel's deficient performance. Maden also asserted, as further excuse for his procedural default, the government submitted false information to the grand jury. Maden argued a fundamental miscarriage of justice would occur if the court did not review his § 2255 motion. The magistrate judge found Maden had failed to demonstrate a fundamental miscarriage of justice and found the motion was procedurally defaulted. The district court adopted the magistrate's findings and dismissed the motion.

On appeal, Maden contends he was denied effective assistance of counsel and he is serving an illegal sentence. He argues a lab report identified the

substance he possessed as cocaine but did not specify whether it was cocaine base or cocaine powder, and that counsel was ineffective in failing to investigate the nature of the substance and in failing to challenge application of the harsher guidelines sentence for cocaine base. The magistrate found that although the lab report did not specify the substance was cocaine base, other evidence, including Maden's own statement to the court, established it was cocaine base. Maden has not shown that this finding was erroneous. We agree with the magistrate and the district court that Maden has failed to show counsel's alleged failure to follow up on any ambiguity in the lab report prejudiced him at sentencing.

Maden has not established a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). We conclude Maden has failed to make a substantial showing of the denial of a constitutional right required for issuance of a certificate of appealability under 28 U.S.C. § 2253(c)(2).

We DENY Maden a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-